UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL HERRON,<br><br>      Plaintiff,<br><br>v.<br><br>TEARS OF EDEN, KATHERINE SPEARING, LLC, and KATHERINE SPEARING (IN HER INDIVIDUAL CAPACITY),<br><br>      Defendants. | Case No. 1:23-cv-1190 |

## NOTICE OF REMOVAL

NOW COME Defendants, TEARS OF EDEN, KATHERINE SPEARING, LLC, and KATHERINE SPEARING (IN HER INDIVIDUAL CAPACITY), (collectively, the "Defendants"), by and through their counsel, Renee J. Mortimer and Kristanna Roper-Nikitaras of LEWIS BRISBOIS BISGAARD & SMITH LLP, pursuant to 28 U.S.C.S. § 1446, and hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1441(b) to remove this action from the Hamilton Circuit Court sitting in Hamilton County, Indiana to the United States District Court for the Southern District of Indiana, Indianapolis Division. In support of said removal, Defendants state as follows:

      1.      On May 15, 2023, Plaintiff filed a Complaint for Damages and Jury Demand in the Hamilton County, Indiana, Court entitled *Daniel Herron v. Tears of Eden, Katherine Spearing, LLC, and Katherine Spearing (In Her Individual Capacity)*. *See* **Exhibit A**, Indiana State Court Action Record (Docket, Appearance for Plaintiff, Complaint for Damages and Jury Demand, Summons to Katherine Spearing, Summons to Katherine Spearing, LLC, Summons to Tears of Eden, Appearance, Defendants' Motion for Enlargement of Time to Respond to Plaintiff's

Complaint for Damages, Order), and **Exhibit B**, Plaintiffs' Complaint for Damages and Jury Demand.

2. Plaintiff avers that he suffered damages, including pecuniary loss, reputational damage, mental anguish, emotional distress, and lost opportunity as a result of allegedly defamatory statements made in series of podcasts in 2021. *See* Ex. B ¶¶ 11, 13, 15.

3. On June 7, 2023, Plaintiff's counsel served the Defendants through counsel, via email, and by agreement. *See* Ex. C Service Correspondence dated June 7, 2023.

4. 28 U.S.C.S. § 1446(b)(1), provides that a notice of removal shall be filed within thirty (30) days after the defendant receives a copy of the plaintiff's initial pleading. As previously stated, although Plaintiff commenced this lawsuit against Defendants on May 15, 2023, Plaintiff did not effectuate service until his counsel sent a copy of the Complaint to Defendants' counsel on June 7, 2023. As such, Defendants' Notice of Removal is timely filed under 28 U.S.C.S. § 1446(b), as the time by which removal must be effectuated is July 7, 2023, and this Notice of Removal has been filed in advance of that date. Moreover, this Notice of Removal was filed within one year after commencement of the action.

5. The District Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.S. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. Moreover, because this cause of action meets the statutory criteria, Defendants are permitted to remove this case pursuant to 28 U.S.C.S. § 1441.

6. Plaintiff concedes he is a resident and citizen of Indiana. *See* Ex. B at ¶1.

7. Under 28 U.S.C.S. § 1332(c), a corporation is deemed a "citizen" in the state in which it was incorporated and the state in which its principal place of business is located. Defendant, Tears of Eden was a Missouri Nonprofit Corporation with a place of business in St.

Louis, Missouri, which Plaintiff does not dispute. *Id*. at ¶ 2. *See also* **Exhibit D**, Tears of Eden's Articles of Incorporation.

8. Defendant, Katherine Spearing, LLC, is and was at the time of the commencement of the State Court Action, a Missouri Limited Liability Company with a place of business in St. Louis, Missouri, which Plaintiff does not dispute. *See* Ex. B at ¶ 3. *See also* **Exhibit E**, Katherine Spearing, LLC's Articles of Incorporation.

9. Individuals are deemed to be a "[c]itizen of the state in which they reside or—to be more precise—are domiciled." *Page v. Democratic Nat'l Comm.*, 2021 U.S. App. LEXIS 18407, at *7 (7th Cir. June 21, 2021) (citations omitted). Katherine Spearing (In her Individual Capacity) is now, and was at the time of the commencement of the State Court Action, a citizen of the state of Missouri, which Plaintiff also does not dispute. *See* Ex. B at ¶ 4.

10. Plaintiff is seeking to recover damages against Defendants under a tort theory, and he is seeking consequential and punitive damages, including an allegation of the loss of opportunity for pastoral posting, and interference with present and future employment prospects. *See* Ex. B at ¶¶ 42, 45, 53. Therefore, there is a reasonable probability that the amount of controversy exceeds the sum or value of $75,000, thus satisfying the amount in controversy requirement. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

11. As a result of the foregoing, diversity of citizenship and the jurisdictional minimum amount have been satisfied. Therefore, pursuant to 28 U.S.C.S. § 1332, this Court has jurisdiction over this matter.

12.  Defendants, pursuant to 28 U.S.C.S. § 1446(a), have attached to this Notice of Removal a copy of all pleadings, papers, and other orders available to them and/or served on them in the State Court Action to date. *See* Ex. A.

13.  Because Defendants have adequately set forth the requirements of 28 U.S.C.S. § 1332, § 1441, and § 1446, this Court may exercise its original jurisdiction and accept Defendants' removal of the State Court Action.

14.  In the event that Plaintiff moves for remand, or this Court considers remand *sua sponte*, Defendants respectfully reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

21.  Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction or venue. Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

Wherefore, Defendants, TEARS OF EDEN, KATHERINE SPEARING, LLC, and KATHERINE SPEARING (IN HER INDIVIDUAL CAPACITY) hereby remove this action from the Hamilton Circuit Court, state of Indiana, and pray that this action proceeds in the United State District Court of the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Kristanna Roper-Nikitaras*
Renee J. Mortimer (20724-45)
Kristanna Roper-Nikitaras (35054-64)
2211 Main Street, Suite 3-2A
Highland, IN 46322
T: 219.440.0600 | F: 219.440.0601
Renee.Mortimer@lewisbrisbois.com
Kristanna.Nikitaras@lewisbrisbois.com
*Attorneys for Defendants*